IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case no. 8:22-cv-406 |
| ) | |
| CAPTIVE ALTERNATIVES, LLC, ) | |
| ) | |
| Respondent. ) | |

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

The United States of America petitions this Court for an order enforcing an Internal Revenue Service ("IRS") administrative summons served on Captive Alternatives, LLC. In support, the United States avers as follows:

1. Jurisdiction over this matter is conferred upon this Court by 26 U.S.C. §§ 7402 and 7604(a) and by 28 U.S.C. §§ 1340 and 1345.

2. The respondent, Captive Alternatives, LLC, has its principal place of business in Sarasota, Florida, within the jurisdiction of this Court.

3. Revenue Agent Robert Meyer is employed in the Small Business/Self-Employed Division of the Internal Revenue Service and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treasury Regulation Section 301.7602-1, 26 C.F.R. § 301.7602B1.

4. Revenue Agent Meyer is conducting an investigation to determine whether Captive Alternatives, LLC is liable for penalties under 26 U.S.C. §§ 6700, 6701, 6707, and 6708 for conduct occurring from January 1, 2011, to the present in connection with purported

1

insurance plans or arrangements that it promoted, organized, and/or sold. These sections of the Internal Revenue Code impose penalties for, among other things, organizing or promoting abusive tax shelters, aiding and abetting the understatement of another person's tax liability, failing to report certain transactions, and failing to maintain a list of people advised with respect to reportable transactions. The Declaration of Revenue Agent Meyer is attached to this Petition as Exhibit 1. A penalty may be assessed for each separate tax return, or transaction, or for separate activities, related to each entity or arrangement involved. *See, e.g.*, 26 U.S.C. § 6700(a)(2) ("activities described in paragraph (1)(A) with respect to each entity or arrangement shall be treated as a separate activity").

5. The respondent, Captive Alternatives, LLC, may be in possession and control of books, records, papers, and other data that may be relevant to the investigation described above in paragraph 4, including but not limited to:

- documents, including records of communications (whether written, electronic, and oral), related to marketing, promoting, explaining, or describing the plan or arrangement;

- marketing and promotional materials, including video and audio presentations;

- documents that make (or cause another person to make) statements concerning the allowability of any tax deduction, the excludability of income, or any other tax benefit;

- contracts, agreements, and correspondence with customers and records of payments from customers related to the plan or arrangement;

- engagement letters, contracts, and agreements with third-parties (including insurance companies, insurance premium lenders, reinsurers, and others providing products or services such as actuaries, claims administrators, underwriters, etc.) pertaining to the plan or arrangement;

- insurance policies and related documents, including documents related to underwriting and premium pricing (such as risk assessment forms and questionnaires, feasibility studies, underwriting and actuarial reviews, and records of communications);

- copies of presentations or manuals regarding the plan or arrangement;

- contracts, agreements, and engagement letters between Captive Alternatives, LLC and its customers who purchased or entered into agreements as part of the plan or arrangement;

- contracts, agreements, and correspondence between Captive Alternatives, LLC and individuals or entities who referred customers to participate in the plan or arrangement and who may have promoted or sold, or assisted in promoting or selling, the plan or arrangement;

- tax, actuarial, and legal opinions related to the tax arrangement;

- tax returns that Captive Alternatives, LLC prepared, caused to be prepared, or agreed to prepare pursuant to agreements with its customers;

- documents, such as claims, claim forms, claim disallowances, and fund distributions related to the plan or arrangement;

- documents identifying customers of Captive Alternatives, LLC. The summons also seeks documents related to the formation of Captive Alternatives, LLC, to determine the business purpose of the company and the dates that the business operated, which is relevant to investigating the scope of its activities organizing, marketing, promoting, and selling its plan or arrangement; and

- financial records of Captive Alternatives, LLC, relevant to determining the income it received in connection with organizing, marketing, promoting, or selling a plan or arrangement, which is necessary to determine the amount of any possible penalty.

6. Pursuant to the investigation described in paragraph 4, on October 14, 2021, Revenue Agent Meyer issued an IRS summons directing Captive Alternatives, LLC to appear before Revenue Agent Charles Edwards on November 2, 2021, at 9:00 a.m., to produce the books, records, and other documents demanded in the summons. Revenue Agent Stephen York served an attested copy of the summons on Captive Alternatives, LLC by handing a copy of the summons to the corporate Secretary and registered agent of Captive Alternatives, LLC on October 19, 2021. The summons is attached hereto as Exhibit 2. Portions of the summons have been redacted to prevent the disclosure of the identities of some third-parties.

7. Captive Alternatives, LLC refused to comply with the summons.

8. Captive Alternatives, LLC's refusal to comply with the summons continues to date as set forth in the Declaration of Revenue Agent Meyer.

9. The books, papers, records, or other data sought by the summons are not already in possession of the Internal Revenue Service.

10. All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken.

11. The books, papers, records, and/or other data sought by the summons may be relevant to the IRS's investigation to determine whether Captive Alternatives, LLC is liable for penalties under 26 U.S.C. §§ 6700, 6701, 6707, and 6708 for conduct occurring from January 1, 2011 to the present.

12. No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Captive Alternatives, LLC for the years under investigation.

13. In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

14. The attached Declaration of Revenue Agent Robert Meyer establishes the government's prima facie showing under *Powell*.

WHEREFORE, the United States respectfully prays as follows:

A. That this Court enter an order directing the respondent, Captive Alternatives,

LLC, to show cause in writing, if any, why it should not comply with and obey the aforementioned IRS summons and every requirement thereof. A proposed Order to Show Cause is attached to this Petition;

  B. That this Court enter an order directing the respondent, Captive Alternatives, LLC, to fully obey the subject summons and each requirement thereof, by ordering the production required and called for by the terms of the summons, to Revenue Agent Meyer, or any other proper officer or employee of the IRS, at such time and place as may be set by Revenue Agent Meyer or any other proper officer or employee of the IRS;

  C. That the United States recover its costs incurred in maintaining this proceeding; and

  D. That the Court grant such other and further relief as the Court deems proper or justice may require.

| | |
|---|---|
| Dated: February 18, 2022 | Respectfully submitted,<br><br>ROGER B. HANDBERG<br>United States Attorney<br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>s/ Daniel A. Applegate<br>DANIEL A. APPLEGATE<br>U.S. Department of Justice, Tax Division<br>P. O. Box 7238, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 353-8180<br>Fax: (202) 514-6770<br>daniel.a.applegate@usdoj.gov<br>Attorneys for Petitioner<br>United States of America |