IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case no. |
| | ) | |
| CAPTIVE ALTERNATIVES, LLC, | ) | |
| | ) | |
| Respondent. | ) | |

Exhibit 1

**DECLARATION OF REVENUE AGENT ROBERT MEYER**

I, Robert Meyer, declare:

1. I am a duly commissioned Revenue Agent employed in Large Business and International, Pass-Through Entities Practice Area, Internal Revenue Service.

2. In my capacity as a revenue agent, I am conducting an investigation to determine whether Captive Alternatives, LLC is liable for penalties under 26 U.S.C. § 6700, 6701, 6707, and 6708 for conduct occurring from January 1, 2011, to the present in connection with purported insurance plans or arrangements that it promoted, organized, and/or sold. These sections of the Internal Revenue Code impose penalties for, among other things, organizing or promoting abusive tax shelters, aiding and abetting the understatement of another person's tax liability, failing to report certain transactions, and failing to maintain a list of people advised with respect to reportable transactions.

3. In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, on October 14, 2021, I issued an Internal Revenue Service summons to Captive Alternatives, LLC requesting that Captive Alternatives, LLC appear before Revenue Agent

1

Charles Edwards on November 2, 2021, at 9:00 a.m., and produce for examination books, papers, records, or other data as described in the summons. The summons is attached to the petition as Exhibit 2. Portions of the summons have been redacted to prevent the disclosure of the identities of some third-parties.

4.      In accordance with 26 U.S.C. § 7603, on October 19, 2021, Revenue Agent Stephen York served an attested copy of the summons on Captive Alternatives, LLC by handing a copy of the summons to Robert Zack, the corporate Secretary and registered agent of Captive Alternatives, LLC.  Service of the summons on Captive Alternatives, LLC is evidenced on the certificate of service on the summons.

5.      Captive Alternatives, LLC did not appear or produce any documents in response to the summons. By letter dated November 2, 2021, Captive Alternatives, LLC stated that it would not comply with the summons.

6.      To date, Captive Alternatives, LLC has failed to comply with the summons.

7.      The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

8.      All administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

9.      No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Captive Alternatives, LLC for the years under investigation.

10.     The summonsed documents are relevant to my investigation to determine whether Captive Alternatives, LLC is liable penalties under 26 U.S.C. § 6700, 6701, 6707, and 6708 for conduct occurring from January 1, 2011 to the present.

11. For example, the following documents are necessary for determining whether Captive Alternatives, LLC is liable for, among other things, organizing or promoting abusive tax shelters, aiding and abetting the understatement of another person's tax liability, failing to report certain transactions, and failing to maintain a list of people advised with respect to reportable transactions:

- documents, including records of communications (whether written, electronic, and oral), related to marketing, promoting, explaining, or describing the plan or arrangement;

- marketing and promotional materials, including video and audio presentations;

- documents that make (or cause another person to make) statements concerning the allowability of any tax deduction, the excludability of income, or any other tax benefit;

- contracts, agreements, and correspondence with customers and records of payments from customers related to the plan or arrangement;

- engagement letters, contracts, and agreements with third-parties (including insurance companies, insurance premium lenders, reinsurers, and others providing products or services such as actuaries, claims administrators, underwriters, etc.) pertaining to the plan or arrangement;

- insurance policies and related documents, including documents related to underwriting and premium pricing (such as risk assessment forms and questionnaires, feasibility studies, underwriting and actuarial reviews, and records of communications);

- copies of presentations or manuals regarding the plan or arrangement;

- contracts, agreements, and engagement letters between Captive Alternatives, LLC and its customers who purchased or entered into agreements as part of the plan or arrangement;

- contracts, agreements, and correspondence between Captive Alternatives, LLC and individuals or entities who referred customers to participate in the plan or arrangement and who may have promoted or sold, or assisted in promoting or selling, the plan or arrangement;

- tax, actuarial, and legal opinions related to the tax arrangement;

- tax returns that Captive Alternatives, LLC prepared, caused to be prepared, or agreed to

prepare pursuant to agreements with its customers;

- documents, such as claims, claim forms, claim disallowances, and fund distributions related to the plan or arrangement;

- documents identifying customers of Captive Alternatives, LLC. The summons also seeks documents related to the formation of Captive Alternatives, LLC, to determine the business purpose of the company and the dates that the business operated, which is relevant to investigating the scope of its activities organizing, marketing, promoting, and selling its plan or arrangement; and

- financial records of Captive Alternatives, LLC, relevant to determining the income it received in connection with organizing, marketing, promoting, or selling a plan or arrangement, which is necessary to determine the amount of any possible penalty.

I declare under penalty of perjury that the foregoing is true and correct.

Executed February 17, 2022

Robert W. Meyer  
Digitally signed by Robert W. Meyer  
Date: 2022.02.17 09:19:56 -06'00'

Robert Meyer  
Revenue Agent