# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

    v.                                          Case No. 8:22-cv-00406-TPB-CPT

CAPTIVE ALTERNATIVES, LLC,

    Respondent.

_____/

## RESPONDENT CAPTIVE ALTERNATIVES' MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL OPPOSITION TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS

Respondent Captive Alternatives, LLC ("Captive Alternatives" or "the Company"), pursuant to L. R. 1.11(c),[1] hereby files this Motion for Leave to File Partially Under Seal Opposition to Petition to Enforce Internal Revenue Service Summons (the "Motion"), and in support, states as follows:

---

[1] Pursuant to Local Rule 1.11(c), the Company requests that during the course of the litigation, only the Court and parties to the case be entitled to access the unredacted copy of the forthcoming Partially Sealed opposition to the Government's Petition to Enforce Internal Revenue Summons. Upon conclusion, the Company requests that copies of the Partially Sealed opposition to the Government's Petition to Enforce Internal Revenue Summons be returned to the undersigned counsel or destroyed. The Company requests that sealing be performed for the maximum amount of time permitted under the Local Rules. Further, the Company intends to seek permanent sealing at a later, appropriate time.

On July 19, 2022, the Court issued an Order (ECF No. 42) scheduling a show cause hearing for August 25, 2022 and requiring Captive Alternatives to file any opposition to the Government's Petition to Enforce Internal Revenue Service Summons ("Petition") (ECF No. 1) no later than August 11, 2022. The Court's Order also requires the Government to file any reply to such opposition by August 19, 2022.

Captive Alternatives intends to file an opposition to the Petition. To provide the Court with a full picture of the matters before it, Captive Alternatives anticipates including in its opposition sensitive information implicating the Company's legitimate privacy interests. This information has previously been described to the Court, including through the Company's Motion to Continue Show Cause Hearing (ECF No. 17). The Court previously granted limited, partial sealing of this information in this case. (ECF No. 22). The Company now seeks to keep this same type of information confidential—again through limited, narrowly tailored redactions—and for the same reasons previously stated in the Company's initial motion for partial sealing (ECF No. 19) and supplemental brief in support thereof (ECF No. 32).[2] The Company's reasons for seeking to keep this information

---

[2] Captive Alternatives is <u>not</u> requesting that the Court seal, in whole or in part, the show cause hearing or any other proceeding before the Court. This position is consistent with 28 C.F.R. § 50.9 (Policy with regard to open judicial proceedings) cited in the Government's Brief on Sealing Portions of the Record ("Government's Brief on Sealing") (ECF No. 41). Rather, the Company is only seeking leave to

2

confidential and the harms the Company may suffer if this information is disclosed are equally applicable today as when the Company first sought partial sealing in this case.  Therefore, consistent with *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007), Captive Alternatives seeks leave to partially seal its opposition to the Petition for the good cause previously provided.

Should the Court grant Captive Alternatives leave to file its opposition partially under seal, the Company also requests, consistent with Local Rule 1.11(d), that the Court require the Government to withhold filings that plausibly qualify for partial sealing, file the applicable placeholder on the public docket identifying the filings, and permit Captive Alternatives an opportunity to move to partially seal the filings in accordance with the Local Rules.  More specifically, Local Rule 1.11(d) provides:

> To file an item that plausibly qualifies for sealing and that the filing person knows or reasonably should know another person considers confidential, the filing person must file instead of the item a placeholder only identifying the item and must notify the other person within seven days after filing the placeholder. Within fourteen days after receiving the notice, the other person or a party may move to seal the item.

---

implement limited redactions to documents appearing on the public docket.  In addition, to avoid seeking leave to file this Motion under seal, Captive Alternatives instead refers back to its prior filings (ECF Nos. 17, 22, 32) for the reasoning and type of information sought to be sealed in Captive Alternatives' forthcoming opposition.

3

Captive Alternatives has previously informed the Government of the specific type of material that it considers to be confidential and requiring partial sealing. Accordingly, the Court need not require any action by the Government other than that which is required by Local Rule 1.11(d).

Accordingly, for the reasons stated above, and in its prior filings, Captive Alternatives respectfully requests that the Court grant its Motion for Leave to File Partially Under Seal Opposition to Petition to Enforce Internal Revenue Service Summons.[3]

---

[3] Captive Alternatives has not designated this Motion as time sensitive under Local Rule 3.01(g). Consistent with Local Rule 3.01(c), full briefing of this Motion can be accomplished prior to the August 11, 2022 deadline for Captive Alternatives to file an opposition to the Petition. Moreover, the Government has previously provided the Court with its position as to sealing through the Government's Brief on Sealing. However, the Company respectfully requests that the Court rule on this Motion, or otherwise provide guidance, by August 10, 2022, in order for the Company to file, in appropriate form, its opposition to the Petition on August 11, 2022.

4

## Certificate of Compliance with Rule 3.01(g)

Counsel for Captive Alternatives hereby certify that they have conferred with Counsel for the Internal Revenue Service by email, and the Service opposes the relief requested by this Motion.

Date: July 26, 2022                     MCGUIREWOODS LLP

By: /s/ *Kimberly T. Mydock*
R. Eric Bilik (FL Bar No. 0987840)
ebilik@mcguirewoods.com
Kimberly T. Mydock (FL Bar No. 0100571)
kmydock@mcguirewoods.com
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel: (904) 798-3200
Fax: (904) 798-3207

and

Brandon M. Santos *(Admitted Pro Hac Vice)*
bsantos@mcguirewoods.com
Bradley A. Ridlehoover *(Admitted Pro Hac Vice)*
bridlehoover@mcguirewoods.com
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
Tel: (804) 775-4745

*Attorneys and Trial Counsel for Respondent Captive Alternatives, LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 26, 2022, I electronically filed the foregoing by using the Court's CM/ECF system which will send a notice of electronic filing to the following counsel of record:

Daniel A. Applegate, Esq.
daniel.a.applegate@usdoj.gov
US Department of Justice – Tax Division
555 Fourth St NW – Ste 8721
P.O. Box 7238
Washington, DC, 20044-7238

Lauren Darwit, Esq.
lauren.a.darwit@usdoj.gov
U.S. Department of Justice – Tax Division
P.O. Box 7238
Washington, DC 20044-7238

                                                     /s/ *Kimberly T. Mydock*
                                                   Attorney