IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | )   Case no. 8:22-cv-406 |
| CAPTIVE ALTERNATIVES, LLC, | ) ) ) |
| Respondent. | ) |

**UNITED STATES' RESPONSE TO RESPONDENT'S MOTION FOR LEAVE TO FILE PARTIALLY UNDER SEAL ITS OBJECTIONS TO IRS SUMMONS**

The United States responds in opposition to the Respondent's Motion for Leave to File Partially Under Seal Opposition to Petition to Enforce Internal Revenue Service Summons (ECF No. 45).

"The filing of documents under seal is generally disfavored as all documents filed with the Court are presumptively public: 'Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Infinity Transportation III LLC v. XPO Intermodal, Inc.*, 2017 WL 11446906, at *1 (N.D. Ga. Mar. 28, 2017) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). "Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." Local Rule 1.11(a).

As we discussed in our Brief on the Sealing of Portions of the Record (ECF

1

No. 41), the United States' position on sealing matters is that they should not be sealed, because our legal proceedings should be open to the public. This policy is memorialized in the Code of Federal Regulations:

> Because of the vital public interest in open judicial proceedings, the Government has a general overriding affirmative duty to oppose their closure. There is, moreover, a strong presumption against closing proceedings or portions thereof, and the Department of Justice foresees very few cases in which closure would be warranted.

28 C.F.R. § 50.9. The Respondent does not dispute this policy but argues that the regulation pertains to courtroom proceedings, not pleadings (*see* ECF No. 45 at 2 n. 2). However, the Department of Justice consistently takes the position that this regulation pertains to pleadings as well. *See, e.g., United States v. Contents of Nationwide Life Ins Co. Acct. No. X0961 in name of Warshak*, 2006 WL 971978, at *2 (S.D. Ohio Apr. 12, 2006) (discussing government's argument "that it is official government policy to promote broad access to court proceedings and records on matters of public concern, and maintains that as 'master of the complaint' it should have the discretion to file its forfeiture pleadings in a manner consistent with that policy."); *United States v. Mathur*, 2012 WL 3135548, at *1 (D. Nev. June 8, 2012), *report and recommendation adopted*, 2012 WL 3135532 (D. Nev. Aug. 1, 2012) (noting, in a case where a motion to dismiss was sealed due to the scandalous and salacious nature of its arguments, that the "the government asserts that 28 C.F.R. § 50.9 requires it to oppose the Motion to Seal").

The Respondent relies on *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir.

2

2007), in support of its request to file portions of its objections under seal and, in conjunction with Local Rule 1.11(d), to require the United States to also file portions of its pleadings under seal.[1] Under *Romero*, a "motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Romero*, 480 F.3d at 1246 (citing *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 164 (3d Cir. 1993); *In re Cont'l Ill. Sec. Litig.,* 732 F.2d 1302, 1309 (7th Cir. 1984)). "In light of this strong First Amendment presumption, 'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006)).

Eleventh Circuit "case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.'" *F.T.C. v. AbbVie*

---

[1] We agree with the Respondent that certain court proceedings are conducted in secret and that "ancillary materials" cannot be disclosed or shared. (*See* ECF No. 19 at 4-5; ECF No. 32 at 5.)  But a summons enforcement proceeding is not conducted in secret. *United States v. Layo*, 2014 WL 4437267, at *2 (E.D. Wis. Sept. 9, 2014) (concluding that this is a "proceeding to enforce IRS summonses. No case of which I am aware has recognized that such proceedings should be conducted in secret.").

3

*Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Newman v. Graddick,* 696 F.2d 796, 803 (11th Cir. 1983)). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (citing *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987); *Shingara v. Skiles,* 420 F.3d 301, 305–06 (3d Cir. 2005); *Amodeo,* 71 F.3d at 1050–51).

    The briefing of the Respondent's objections and the government's response is the culmination of this proceeding, akin to a briefing on summary judgment or to a trial, resulting in a final disposition of the matter. Hence, like summary judgment, it "is an adjudication, and '[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.'" *Lugosch*, 435 F.3d at 124 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). *See also Romero*, 480 F.3d at 1246 ("Although '[d]ecisions less central to merits resolutions implicate lesser right-to-access considerations,' 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2035 (2d ed.1994), the plaintiffs' motion for reconsideration was related both to the merits of

the underlying controversy and the conduct of the court."). "'Judges deliberate in private but issue public decisions after public arguments based on public records .... Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006)).

It is undisputed that the information that the Respondent seeks to have sealed here is not being used to promote public scandal, particularly since it is the Respondent, not the government, initially presenting the information to the Court. But most importantly, for the Court to address the Respondent's expected objection and explain its reasoning and rationale, the Court will be required to include some recitation of the information in its report and recommendation. Then, should there be any objection to the report and recommendation, the objection may likewise discuss the information. Any subsequent order resolving the objection will likely further discuss the information. The Court's – and the parties' – discussion of the information that the Respondent seeks to seal will be necessary to "promote public understanding" of the Court's ruling.

The Respondent argues that it is concerned about potential harm to its reputation from the public disclosure of the information. (*See* ECF No. 19 at 5; ECF No. 32 at 6-7.) But that alone is an insufficient basis to seal the pleadings. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570–71 (11th Cir. 1985) ("we do agree that

5

'[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access.'" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *United States v. Contents of Nationwide Life Ins Co. Acct. No. X0961 in name of Warshak*, 2006 WL 971978, at *4 (S.D. Ohio Apr. 12, 2006) ("The Court does not doubt that the United States' forfeiture actions and associated publicity have threatened and will continue to threaten the profitability—and perhaps even viability—of many of Warshak's businesses. But the law is clear: the prospect that disclosure of unproven allegations will expose a party to reputational or (by extension) commercial harm does not outweigh the common-law presumption of public access to court records." (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 477 (6th Cir. 1983); *Brown & Williamson Tobacco Corp.,* 710 F.2d at 1179–1180; *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 225 (6th Cir. 1996)).

     Finally, we note that *the Respondent* is the party intending to introduce the information it seeks to have sealed in support of an objection to the summons. This particular objection is based on certain records pre-dating August 2013. While we do not wish to foreclose the Respondent presenting any arguably well-founded objection that it may have to the summons, as it has a right to do, we do not believe that this objection (which the Respondent is *choosing* to make) has merit.[2] The Court, at its

---

[2] This is not to imply that the government believes the Respondent has any well-
(continued...)

status conference on June 23, 2022, cautioned the parties against objections or arguments not made in good faith.  We believe that the Respondent could readily avoid the issue of sealing pleadings by not raising this meritless objection to the summons and, therefore, a reasonable, less onerous alternative to the proposed partial sealing exists.

For these reasons, the Court should deny the Respondent's motion for leave to file portions of pleadings under seal.

Dated: July 28, 2022      Respectfully submitted,

ROGER B. HANDBERG
United States Attorney
DAVID A. HUBBERT
Deputy Assistant Attorney General

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
LAUREN A. DARWIT
U.S. Department of Justice, Tax Division
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov
lauren.a.darwit@usdoj.gov

---

founded objection to the summons, only that we believe this particular objection related to the information forming the basis for this motion to seal lacks any merit and should not be raised.

## CERTIFICATE OF SERVICE

    IT IS HEREBY CERTIFIED that service of the foregoing document has been made through the Court's CM/ECF system on July 28, 2022.

                                                   s/ Daniel A. Applegate
                                                  DANIEL A. APPLEGATE
                                                  Trial Attorney, Tax Division