# Exhibit A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Petitioner,

                                                               Case No. 8:22-cv-00406-TPB-CPT

    v.

CAPTIVE ALTERNATIVES, LLC,

    Respondent.

_____/

## NON-WAIVER AND CLAWBACK ORDER REGARDING DISCLOSURE OF PRIVILEGED MATERIAL

    1.    Upon the motion of Respondent Captive Alternatives, LLC ("Captive Alternatives"), the Court finds that compliance with the Internal Revenue Service ("IRS") Summons issued in the above referenced matter will require Captive Alternatives to review and produce significant quantities of information and documents, including email records and other electronically stored information for over a ten-year period, to the IRS.

    2.    The Court further finds that the pre-production review of such a large collection of materials summonsed by the IRS will impose substantial burdens and delays, and thereby adversely affect the administration of justice. Therefore, the Court finds that good cause exists for an order, pursuant to Federal Rule of

Evidence 502(d), providing for the non-waiver and ability to claw back privileged materials that are produced. Further, in the interest of justice, Captive Alternatives, is hereby authorized to produce summonsed materials to the IRS without first reviewing every record for privilege because a record-by-record privilege review will be unduly burdensome and will unduly delay responses to the Summons.

3. With respect to any and all materials produced pursuant to the Summons, as authorized by this Order, pursuant to Federal Rules of Evidence 502(d), no privilege or protection will be waived by such disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

4. The IRS and the Department of Justice Tax Division (collectively "the United States") may not make any public use[1] of any document produced pursuant to the Summons without first giving Captive Alternatives ten days advance notice. The inclusion of any such document in the United States' exhibit list is deemed sufficient notice. Within ten days after receiving such notice or at

---

[1] The term "public use" as used herein includes any disclosure to a third party that could defeat a claim of privilege or other protection. This term does not limit intra-agency use or disclosure of documents produced pursuant to this Order.

2

any point after otherwise discovering that privileged materials were produced, Captive Alternatives may assert a claim of privilege to any document by notifying the United States in writing.  If Captive Alternatives provides timely notice of a claim of privilege, the United States will not make any public use of the document until the claim of privilege is resolved as described in paragraph 5.  If Captive Alternatives does not make a timely notice of a claim of privilege, any such privilege will be waived as to the specific document.

5. If the United States agrees with the claim of privilege, all copies of any such privileged document shall be returned to Captive Alternatives.  If the United States disagrees with the claim of privilege, Captive Alternatives may raise the matter to the Court within fourteen (14) days.  If Captive Alternatives does not raise the matter to the Court within that period of time, the United States shall not be limited from making public use of the document at issue.  If a claim of privilege is upheld by the Court, all copies of any such privileged document shall be returned to Captive Alternatives.

6. Nothing in this Order shall prevent or in any way limit or impair the right of the United States to use the information produced in response to the Summons as authorized by 26 U.S.C. § 7602, except that any parties receiving documents produced pursuant to this Order should be advised of the limitations

on public use imposed by this Order.

7.  Nothing contained in this Order is intended to or shall serve to limit Captive Alternatives' right to conduct a pre-production review of electronic data or documents and to segregate privileged and/or protected information before production.

SO ORDERED.

_____