# Exhibit B

# Atkinson, Paul T.

| | |
|---|---|
| **From:** | Atkinson, Paul T. |
| **Sent:** | Monday, June 12, 2023 11:41 AM |
| **To:** | 'Applegate, Daniel A. (TAX)' |
| **Cc:** | Santos, Brandon M. |
| **Subject:** | RE: Captive Alternatives proposed 502(d) order |

Dan,

Thanks for your response.  We will move forward with getting a motion on file with the court.

As to your point about the court's authority, we believed this concern to have been adequately addressed in our communications in February.  And again, if the IRS continued to have reservations about the availability of 502(d) orders under these circumstances, it would have been helpful to know that prior to agreeing not to object to the R&R on the understanding that we would negotiate concerning a 502(d) order—an understanding that we jointly asked the court to incorporate into its order adopting the R&R.  Notably, the first email in this thread is from you and contains a citation to *US v. Microsoft*, case no. 2:15-cv-102 (W.D. Washington), which is a case where the IRS agreed and the court entered a 502(d) order in a summons enforcement matter.  The notion that Rule 502 doesn't apply to the IRS is further belied by the fact that the IRS has a policy, which you shared with us, providing guidance on the rule's application and noting that it "applies in all proceedings commenced after the date of enactment."  We have also shared with you a 502(d) order entered in a grand jury proceeding and cite to other 502(d) orders in criminal cases in the draft motion we provided to you, i.e., instances of "the production of documents to a law enforcement agency conducting an investigation."

Further, we have not characterized you or your client as not acting in good faith.  Unfortunately, however, we have not substantively negotiated about the text of a 502(d) order and instead you have raised piecemeal a number of issues with the entry of any 502(d) order—many of which were available to you and your client prior to agreeing to negotiate.  And for the limited substantive concerns you have identified, such as the "public use" definition, you've have merely flagged concerns with the language and not proposed any revisions that might be acceptable to your client or taken us up on our many offers to discuss the language with you.

Regards,

**Paul T. Atkinson**
McGuireWoods LLP
T: +1 804 775 1221 | M: +1 804 380 9518
patkinson@mcguirewoods.com

---

**From:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>
**Sent:** Friday, June 9, 2023 4:47 PM
**To:** Atkinson, Paul T. <PAtkinson@mcguirewoods.com>; Santos, Brandon M. <BSantos@mcguirewoods.com>
**Subject:** RE: Captive Alternatives proposed 502(d) order

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Brandon and Paul,

We have reviewed your draft motion and proposed order. We continue to have the same concerns expressed to you before. We also do not believe that a 502(d) order may apply in the context of a summons enforcement proceeding ordering the production of documents to a law enforcement agency conducting an investigation. Your motion does not identify any law supporting your position that a 502(d) order may be entered here. This is not a discovery dispute in civil litigation; this is a proceeding to enforce a summons requiring Captive Alternatives to produce specific documents to a law enforcement agency conducting a valid investigation.

Even if the court were to conclude that it could enter a 502(d) order here, the terms of the proposed order appears tailored for discovery between parties in civil litigation. For example, it requires that IRS agents reviewing the documents as part of its investigation into whether Captive Alternatives is liable for civil penalties identify potentially privileged documents and notify Captive Alternatives 10 days before making "public use" (a vaguely-defined phrase) of those documents. Further, the proposed order refers to disclosure to "third parties" without further definition, and thereby appears to restrict the government's use of those documents as part of its investigation; for example, whether the IRS may use documents when speaking with clients of Captive Alternatives or other potential witnesses. And again, this would require the IRS agents to first identify whether a document may be privileged, and then notify Captive Alternatives prior to using the document as part of the investigation.

We disagree with your characterizations that we are not acting in good faith. We have discussed this matter within DOJ and with the IRS over the past several months. We do not believe that there is a sufficient basis for the entry of a 502(d) order here. Your draft motion does not change that opinion.

Documents should be produced to Revenue Agent Bob Meyer, who you produced documents to before. If you need more information to contact him let me know.


Dan Applegate
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 7238
Washington, D.C. 20044
Phone: (202) 353-8180
Fax:     (202) 514-6770
daniel.a.applegate@usdoj.gov


**From:** Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Sent:** Friday, June 9, 2023 11:02 AM
**To:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>; Santos, Brandon M. <BSantos@mcguirewoods.com>
**Subject:** [EXTERNAL] RE: Captive Alternatives proposed 502(d) order

Dan,

I'm attaching a draft of the motion we intend to file, as well as two exhibits. Please let us know the Service's position by close of business. As we mentioned before, we're happy to discuss the text of the proposed order if you think we can resolve your client's concerns and file the motion without opposition.

Separately, we hope to get a production over to you all today. We are able to produce via FTP. Please let me know who the production should go to.

Thanks,

**Paul T. Atkinson**
McGuireWoods LLP
T: +1 804 775 1221 | M: +1 804 380 9518
patkinson@mcguirewoods.com

---

**From:** Atkinson, Paul T.
**Sent:** Tuesday, June 6, 2023 11:49 AM
**To:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>; Santos, Brandon M. <BSantos@mcguirewoods.com>
**Subject:** RE: Captive Alternatives proposed 502(d) order

Dan,

Thanks for your response.  The provision you are referring to is paragraph 4 of the attached proposed order, which is the same order that we shared with you earlier this year.  Again, our goal is to not produce any privileged material to the Service; however, given the unavailability of a document-by-document review for privilege due to the volume of documents and the costs of such a review, it is possible that privileged materials will be inadvertently produced to the Service.  All the order does is provide Captive Alternatives with additional protections and clarity should that occur.

Yes, in the scenario that you raised a disclosure to the Court would be public use, and the Service would need to provide us with ten days' notice prior to filing.  But again, our ability to claim privilege over any of these materials will be necessarily limited by the fact that the Court will determine whether the documents are actually privileged.  *See* Proposed Order, ¶ 5; *see also S2 Automation LLC* v. *Micron Tech., Inc.*, 2012 U.S. Dist. LEXIS 107930, at *5–7 (D.N.M. July 23, 2012) (entering 502(d) order over plaintiff's opposition that a privilege claim might first be asserted during a deposition).  And frankly, whether there is an order or not, we will have the ability to pursue non-waiver and a claw back under FRE 502(b) and FRCP 26(b)(5)(B) through litigation, if necessary.  The order simply (1) provides judicial recognition that any production of privileged materials we make to you is inadvertent and should not amount to a waiver and (2) establishes a process with the court for efficiently resolving any issues that emerge rather than falling back on multiple one-off discovery disputes.

Given the delay in your response and our desire to press forward with our discovery obligations, we intend to file a motion with the Court this week.  Based on the Service's position thus far, we have drafted the motion as one that will be opposed.  However, we will certainly provide you with the motion and proposed order prior to our filing.  And if you believe that there is an avenue to resolving the Service's opposition to the motion and order, we remain willing to discuss specific concerns the Service has with the text of the proposed order and try to find common ground on what we believe should not be a contentious issue.

Separately, we wanted to give you a heads up that we are planning to produce documents to the Service later this week.  These will be documents from M-Files that we believe are unlikely to contain privileged materials based on search term analysis.  We hope to follow that up with a production of similarly situated (i.e., unlikely to be privileged) email documents in the following weeks.  The timeline for production of the remaining materials, which search term analysis has identified as potentially privileged, will be dictated by resolution of the 502(d) issue.

We are available for a call this week, if you think it would be helpful to discuss any of the foregoing.

Thanks,
Paul

**Paul T. Atkinson**
McGuireWoods LLP
T: +1 804 775 1221 | M: +1 804 380 9518
patkinson@mcguirewoods.com

**From:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>
**Sent:** Monday, June 5, 2023 2:56 PM
**To:** Santos, Brandon M. <BSantos@mcguirewoods.com>
**Cc:** Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Subject:** RE: Captive Alternatives proposed 502(d) order

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Brandon and Paul,

Sorry I am just getting back to you. I did have additional discussions with the IRS in response to your email below. Ultimately it is the client's decision, as this has become more of a substantive than procedural matter. I know you mentioned below a provision that the IRS could use potentially privileged material for its investigation, and I assume could base potential penalties on that material, but that it could not share that material with third-parties (although who those third-parties may be is undefined or whether "public use" would involve disclosure to courts, should potential penalties be challenged). This is something that was specifically discussed here. I do not mean to imply that this is a subject that could ultimately sway the IRS's position, but we have strongly considered your arguments and we will also closely review any arguments or proposals you may make to the court.

However, the IRS's predominant concerns about a 502(d) order laid out in my emails below remain.

I can assure you that we will review any motion that you may file, and any proposed order that you may draft and submit. We will have further internal discussions before responding to any motion you may file.

Dan Applegate
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 7238
Washington, D.C. 20044
Phone: (202) 353-8180
Fax:    (202) 514-6770
daniel.a.applegate@usdoj.gov

**From:** Santos, Brandon M. <BSantos@mcguirewoods.com>
**Sent:** Friday, May 19, 2023 3:22 PM
**To:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>
**Cc:** Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Subject:** [EXTERNAL] RE: Captive Alternatives proposed 502(d) order

Dan,

I appreciate the response, but I'm disappointed in the IRS's position. We agreed as part of resolving the Petition and our not objecting to the R&R to negotiate in good faith. Citing a decades old policy and a generalized disagreement over the burden to our client as reasons for not jointly petitioning the court—and in fact opposing our motion—is not good faith. These are facts that were available to the IRS when we agreed to negotiate. If the answer from the IRS was going to be "no" regardless of what was offered or discussed subsequent to our jointly petitioning the Court, it would have been helpful to know that at the time. Frankly, I'm not sure our client would have agreed to forgo filing objections to

4

the R&R or agreed to the production timeline that was set out in our joint motion, if they had known the IRS didn't intend to actually consider a non-waiver agreement.

Notably, courts have found the scope of document production to be extensive in cases involving far fewer documents than are at issue here.  *See Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1039 (N.D. Ill. 2009) (noting that the collection of 72,000 pages of potentially responsive documents from which only 40,000 pages of document were to be produced "substantially exceed the number of documents that have been characterized as large") (citations omitted).   And courts have noted that mistakes are inevitable when dealing with such significant volumes.  *See In re Blue Cross Blue Shield*, No. 2:13-CV-20000-RDP, 2017 U.S. Dist. LEXIS 226677, at *47 (N.D. Ala. Aug. 31, 2017) ("In light of the millions of pages of documents that have been produced in this case, it is simply not surprising that some documents have been inadvertently produced.").  Again, here we are talking about producing more than a million documents.  The cost of a document-by-document privilege review is likely to be in the high six figure to low seven figure range.  The IRS may not believe that it is burdensome for an American business to spend that much money to produce documents to them.  But we do not see how a protective order would or could negatively affect your client in any way.  It will result in the IRS receiving documents faster, while saving our client some burden and cost of producing.  We would hope that this is consistent with the IRS's priorities in matters like this, *i.e.*, to minimize the burden on American businesses at the point in an examination when there has been no determination of wrongdoing.

Beyond the generalized opposition that you flagged, you raised a concern over shifting the burden to the IRS to identify the inadvertent production of potentially privilege material.  This was not, and is not, our intent.  And we do not read the draft agreement we sent you on March 2, 2023 ( attached here for reference) as implementing any such burden shifting.  The only affirmative obligation on your client is to notify us prior to making any public use of our client's documents, which only limits disclosure to a third-party and specifically preserves the ability to share within the IRS.  We do not view this obligation as objectionable; however, we stand ready discuss any concerns that you or your client have with this language, or any provisions of the proposed order, and to consider any revisions that may preclude the need for another contest in court.

Again, we would like to negotiate with you in good faith regarding the text of a protective order that would be acceptable to your client.  And we hope that you will advise your client of their obligation pursuant to our joint motion and the Court's order to do the same.  Please advise of your position by May 24, 2023.

Thanks,

**Brandon M. Santos**
Partner
McGuireWoods LLP
T: +1 804 775 4745 | M: +1 804 615 9751
bsantos@mcguirewoods.com

---

**From:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>
**Sent:** Friday, May 12, 2023 2:55 PM
**To:** Santos, Brandon M. <BSantos@mcguirewoods.com>; Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Subject:** RE: Captive Alternatives proposed 502(d) order

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Brandon and Paul,

The short answer is yes, we will respond in opposition to the motion. As I alluded to in my earlier email, the thought is that this case dose not involve an overly burdensome number of documents, particularly in light of the storage system and ability to filter and identify potentially privileged documents. The IRS's position is that Captive Alternatives has had sufficient time to review documents for privilege of the past year (or, as the IRS contends, since document requests were first submitted in 2020, and certainly since the summons was issued in 2021).

Additionally, this situation differs from a discovery exchange in a court proceeding. Essentially, DOJ's role is concluded once the summons is enforced, unless we need to file a motion for contempt for failing to comply with the court's order or address any other post-enforcement motions that may be filed, such as your upcoming motion for a 502(d) order. The documents are being produced as part of an IRS investigation. The documents are being produced directly to investigative agents, not attorneys. On the IRS end, there is likely to be no attorney review of these documents until a final report is prepared and submitted to IRS counsel for review along with supporting documentation. Agents are unlikely to have any knowledge or understanding of the parameters of the attorney-client privilege. There is concern that a 502(d) order may shift the burden of identifying potentially privileged documents from you to these agents. As but one example, even if an agent identifies an attorney on an email (assuming that he/she is able to identify that the sender or recipient of an email is an attorney), the agent may not understand that a privilege may be waived if the email also is sent to a third-party.

Finally, the IRS sometimes does receive privileged materials as part of investigations. As you can imagine, a taxpayer responding to a summons may turn over literally everything. When the IRS does identify something that is clearly privileged (again, keeping in mind that an agent does not have the expertise to always identify a privilege), the IRS takes steps to notify the party that produced the document. Because of that there may not be a need for a 502(d) order.

What I think this comes down to is your position that this production and review is burdensome, versus the IRS position that Captive Alternatives has had sufficient time and that this is not burdensome, and that Captive wants to shift the burden to the IRS (and non-attorneys) to identify potentially privileged materials that Captive may produce.

Dan

---

**From:** Santos, Brandon M. <BSantos@mcguirewoods.com>
**Sent:** Tuesday, May 9, 2023 10:17 PM
**To:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>; Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Subject:** [EXTERNAL] RE: Captive Alternatives proposed 502(d) order

Dan,

We understand the IRS is unwilling to jointly petition the court, but please advise whether you would oppose our motion for a 502(d).  As we read the IRS guidance you sent, it is primarily concerned with the IRS taking a position through entering an agreement with the taxpayer.  Here, the IRS would not need to take a position one way or another and can just leave the determination to the court.  If you plan to oppose a motion that we file, please advise on the substantive basis for that opposition.  We would at least like to attempt to resolve any issues with you before going back in front of the court.

The law supports entering a 502(d) order under these circumstances.  Importantly, the advisory notes to rule 502(d) specifically state that an order is not contingent on the agreement of the parties.  *See* Fed.R.Evid. 502(d) advisory committee's notes ("Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation... party agreement should not be a condition of enforceability of a federal court's order.").  For example, in *Saunders* v. *Signature Flight Support, LLC*, the court granted an unopposed motion for a 502(d) order and noted that "the decision on whether to enter an order pursuant to Rule 502(d) is discretionary.  However, federal courts, including those in Florida, routinely enter such orders upon request of the parties."  2023 U.S. Dist. LEXIS 45681 (M.D. Fla. Mar. 14, 2023) (citations omitted).  The rule was adopted to help reduce costs and allow for efficient document review and production.  *In re Google RTB Consumer Priv. Litig.*, 2022 U.S. Dist. LEXIS 142957, at *6 (N.D. Cal.

Aug. 10, 2022) (entering a 502(d) order over opposition after observing that the rule was "designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews.")(citations omitted); *see also Ranger Constr. Indus.* v. *Allied World Nat'l Assur. Co.*, 2019 U.S. Dist. LEXIS 18617, at *6 n.2 (S.D. Fla. Feb. 5, 2019) (citing the cost of privilege review and encouraging counsel "in all cases involving e-discovery to consider the benefits of jointly entering into a 502(d) claw-back agreement and/or an ESI Protocol Agreement early on in the case."); *S2 Automation LLC v. Micron Tech., Inc.*, 2012 U.S. Dist. LEXIS 107930, at *9-11 (D.N.M. July 23, 2012) (citing concerns of costs and pace of discovery before entering 502(d) order over opposition).

Here, the burden on Captive Alternatives is substantial.  As we've discussed, our standard privilege terms have identified several hundred thousand documents that would ordinarily require a close review for privilege. The cost and time required to complete such a review would be extensive.  The 502(d) order will allow us the protection to narrow the scope of that review so that we can efficiently produce documents to IRS and without unnecessary cost and burden on Captive Alternatives.  Such an order, whether you join the motion or not, is in both of our clients' interest.  And importantly, Judge Tuite appeared to recognize the value of a 502(d) order during one of our hearings.

We had hoped to jointly petition the court for the order and move forward quickly with document production.  We understand that the IRS is not amenable to that approach and is unlikely to change course at this time.  However, we hope that you will consider whether it's necessary to oppose our request for a 502(d) order.  Frankly, we expect the court is tired of dealing with our discovery issues.

We're of course happy to discuss at your convenience.

Thanks,

**Brandon M. Santos**
Partner
McGuireWoods LLP
T: +1 804 775 4745 | M: +1 804 615 9751
bsantos@mcguirewoods.com

---

**From:** Applegate, Daniel A. (TAX) <Daniel.A.Applegate@usdoj.gov>
**Sent:** Monday, May 1, 2023 4:57 PM
**To:** Santos, Brandon M. <BSantos@mcguirewoods.com>; Atkinson, Paul T. <PAtkinson@mcguirewoods.com>
**Subject:** Captive Alternatives proposed 502(d) order

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Brandon and Paul,

I want to follow up with you on this. The IRS is against a 502(d) order here. I have attached IRS counsel's public guidance on these matters. They do not believe this case rises to a level that would necessitate such an order. As an example of a case where the IRS did agree to a 502(d) order, *see US v. Microsoft*, case no. 2:15-cv-102 (W.D. Washington). As you can imagine, in an enforcement action against Microsoft, the number of documents dwarfed the number of documents here, and the 502(d) order was agreed to for the purpose of allowing the IRS a "quick peek" at a certain set of documents to determine if their complete production was required. (*See* docket no. 124). I do not believe the 502(d) order from that case is on Westlaw, although the order enforcing the summons is (154 F.Supp.3d 1134).

You will note from the last page of the IRS memo that approval from the highest levels of the IRS is required. I'm on the road this week but if you want to talk I should be available all of next week.


Dan Applegate
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 7238
Washington, D.C. 20044
Phone: (202) 353-8180
Fax:    (202) 514-6770
daniel.a.applegate@usdoj.gov

---

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*